UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 16-01924-AG (KESx) | Date | February 6, 2017 |
| Title | ROBERT J. NEELY v. JP MORGAN CHASE BANK, N.A. | | |

| | | |
|---|---|---|
| Present: The Honorable | ANDREW J. GUILFORD | |
| Ivette Gomez | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings: [IN CHAMBERS] ORDER REGARDING DEFENDANT'S MOTION TO DISMISS OR STAY**

Plaintiff Robert J. Neely sued Defendant JP Morgan Chase Bank, N.A. ("Chase") on behalf of himself and others similarly situated, asserting claims for (1) breach of contract, (2) negligence, (3) breach of the covenant of good faith and fair dealing, (4) violation of unfair competition law, and (5) declaratory relief. (Dkt. No. 1.) This case revolves around Neely's allegation that Chase failed to issue Internal Revenue Service ("IRS") Form 1098s to certain individuals who allegedly paid their mortgage interest. Chase has now filed two motions asking the Court to dismiss the case or, in the alternative, to stay the case.

## 1. BACKGROUND

Chase has submitted unopposed requests for judicial notice to support one of its motions and one of its reply briefs. (Dkt. Nos. 19 & 25.) Chase asks the Court to take judicial notice of various IRS forms, publications, letters, instructions, and announcements, all of which are publicly available on the IRS official website. Chase also asks the Court to take judicial notice of a federal district court order. Setting aside whether judicial notice is necessary for all the items in question, the Court will consider all of them.

Some background of relevant tax law is useful here. First, if at least $600 of an individual's debt is forgiven in one calendar year, the lender must submit an IRS Form 1099-C ("Form

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 16-01924-AG (KESx) | Date | February 6, 2017 |
| Title | ROBERT J. NEELY v. JP MORGAN CHASE BANK, N.A. | | |

1099-C") to the IRS and must send a copy to the debtor. 26 C.F.R. § 1.6050P-1. Discharge of indebtedness that is interest doesn't need to be reported. *Id.* at § 1.6050P-1(d)(2). Second, up to two millions dollars of that forgiven debt is generally tax exempt if the debt was for a qualified principal residence and was forgiven before January 2017. 26 U.S.C. § 108. Third, subject to some limitations, taxpayers may deduct the home mortgage interest that they pay from their taxable income. 26 U.S.C. § 163. And finally, lenders must report on IRS Form 1098 ("Form 1098") to the IRS and to the borrower the aggregate amount of interest the lender has received in a year from that borrower, if that amount is over $600. 26 U.S.C. § 6050H.

The Court now turns to the factual background of this case. Neely was the owner of a home located in Laguna Beach, California (the "Property"). (Compl., ¶ 18.) Chase held a mortgage on the Property, which went into default when Neely experienced financial hardships. (*Id.*) Neely and Chase then entered into a short-sale agreement, where Chase agreed to accept no less than $2,147,237.44 to release its mortgage. (*Id.*) Neely then sold the Property "short," with Chase's permission, for $2,300,000 and Chase received a total of $2,147,744.11 from this transaction. (*Id.* ¶ 19.) As of the date of the short-sale, Neely owed a total balance of approximately $3,484,191.94 on his mortgage loan from Chase, which is approximately $1,336,447.83 less than what Chase received under the short-sale. (*Id.* ¶ 20.)

Chase submitted a Form 1099-C for Neely's forgiven debt but declared on the form that none of the $1,336,447.83 in forgiven debt was mortgage interest. (Compl. ¶ 24.) According to Neely, this means that at least some of the $2,147,744.11 Chase received from the short-sale was used to pay off some of the outstanding mortgage interest he had accrued at the time of the short-sale. (*Id.*) So Neely alleges that since Chase used the short-sale proceeds to pay off Neely's mortgage interest, Chase should have reported its receipt of that interest on Neely's 2014 Form 1098. (Compl. ¶ 25.)

Chase now asks the Court to dismiss Neely's complaint for four reasons: (1) the Court lacks jurisdiction because Neely hasn't sustained an injury and his claim isn't ripe, (2) the Court lacks jurisdiction because federal courts are barred by statute from granting declaratory or injunctive relief in tax matters like this one, (3) the Court lacks jurisdiction because the IRS has exclusive enforcement jurisdiction here, and (4) all claims in the complaint fail to state a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 16-01924-AG (KESx) | Date | February 6, 2017 |
| Title | ROBERT J. NEELY v. JP MORGAN CHASE BANK, N.A. | | |

claim upon which relief may be granted. As an alternative to dismissing Neely's complaint, Chase asks the Court to enter a stay in favor of the IRS's primary jurisdiction. (Dkt. No. 18 at 14–15.) And as another alternative, Chase has moved to stay the case pending ruling from the Ninth Circuit on a related and relevant issue. (Dkt. No. 22.)

For the reasons described in this Order, the Court finds this case appropriate for a stay in favor of the IRS's primary jurisdiction.

**2. LEGAL STANDARD**

"The doctrine of primary jurisdiction 'is a prudential doctrine under which courts may, under appropriate circumstances, determine that the initial decisionmaking responsibility should be performed by the relevant agency rather than the courts.'" *Davel Commc'ns, Inc., v. Qwest Corp.*, 460 F.3d 1075, 1086 (9th Cir. 2006) (quoting *Syntek Semiconductor Co. v. Microchip Tech. Inc.*, 307 F.3d 775, 780 (9th Cir. 2002)). "[N]o fixed formula exists for applying the doctrine of primary jurisdiction." *Clark v. Time Warner Cable*, 523 F.3d 1110, 1115 (9th Cir. 2008). But generally, "[t]he doctrine is applicable whenever the enforcement of a claim subject to a specific regulatory scheme requires resolution of issues that are within the special competence of an administrative body." *Davel Commc'ns, Inc.,* 460 F.3d at 1086 (internal quotation marks omitted). The doctrine is also applicable when "a claim requires resolution of an issue of first impression. *Clark*, 523 F.3d at 1114. If a district court determines that the doctrine applies, it "refers" the issue to the relevant agency, which "means that the court either stays proceedings or dismisses the case without prejudice, so that the parties may seek an administrative ruling." *Id.* at 1115.

**3. ANALYSIS**

Neely is purporting to assert claims on behalf of a nationwide class. Thus, as Chase points out, the efficiency of the tax administration system may be impaired nationally if this litigation proceeds without IRS guidance. In October 2016, the IRS announced that it will begin a new "formal guidance process" regarding Form 1098 reporting requirements. (Dkt. No. 19, Ex. 9.) More specifically, the following issue is currently pending before IRS:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-01924-AG (KESx) | Date | February 6, 2017 |
|---|---|---|---|
| Title | ROBERT J. NEELY v. JP MORGAN CHASE BANK, N.A. | | |

> [T]he issue accepted was the extent to which interest is included in payments that are made where accrued but unpaid interest has been treated for non-tax purposes as increasing the unpaid principal balance of a mortgage loan (for example, following a significant modification of the loan).

(*Id.*)

In other words, the IRS is currently determining "what should be done when a lender provides a mortgage borrower relief from the original terms of the note." (Dkt. No. 24 at 18.) And since a short-sale is one of the various types of reliefs lenders often provide to borrowers, this case falls under the current issue pending before the IRS.

Further, at least three other district courts reviewing Form 1098 claims that were also brought by Neely's counsel have entered primary jurisdiction stays. *See Strugala v. Flagstar Bank, FSB*, 2015 WL 5186493, at *5 (N.D. Cal. Sept. 4, 2015); *Rovai v. Select Portfolio Servicing, Inc.*, 2015 WL 3613748, at *1 (S.D. Cal. May 11, 2015); Order Granting In Part Def.'s Mot. to Dismiss and Stay, *Pemberton, et al. v. Nationstar Mortgage LLC*, No. 14-CV-1024-BAS (WVG) (S.D.Cal. filed Feb. 5, 2015), ECF No. 17 at 2.

Neely's opposing arguments are unconvincing. Neely argues that this is a case that depends purely on the determination of a question of law so the doctrine of primary jurisdiction is inapplicable here. But "[n]ot all questions of law are outside of the scope of the primary jurisdiction of the agency." *Corneli Seed Co. v. Union Pac. R. Co.*, 263 F.2d 127, 130 (9th Cir. 1958). And even if Neely is correct that the doctrine of primary jurisdiction doesn't apply to claims that depend on determinations of questions of law, his claims also appear to depend on determinations of questions of facts. For example, the IRS might determine that the person who pays the accrued interest of a mortgage loan in a short-sale is actually the buyer as opposed to the seller, which would mean that Chase would have to issue a 1098 to the person who Neely sold his home to. In sum, the IRS is entitled to have "the first word" in this case. *See United States v. Gen. Dynamics Corp.*, 828 F.2d 1356, 1362 (9th Cir. 1987). \

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-01924-AG (KESx) | Date | February 6, 2017 |
|---|---|---|---|
| Title | ROBERT J. NEELY v. JP MORGAN CHASE BANK, N.A. | | |

**4. DISPOSITION**

The Court Orders the following:

Chase's motion is GRANTED IN PART and DENIED IN PART. (Dkt. No. 18.) The denial is WITHOUT PREJUDICE to bringing the motion at a later date.

Chase's motion to stay pending a Ninth Circuit ruling is DENIED. (Dkt. No. 22.)

This case is STAYED in favor of the IRS's primary jurisdiction.

The parties are ORDERED to appear in this Court for a status conference on Monday **April 17, 2017**, at **10:00 a.m.**, to discuss the status of the proceedings before the IRS.

: 0

Initials of Preparer ig for lmb