UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | SACV 16-01924 AG (KESx) | Date | April 10, 2018 |
|---|---|---|---|
| Title | ROBERT J NEELY v. JP MORGAN CHASE BANK, N.A. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:** **[IN CHAMBERS] ORDER REGARDING MOTION FOR JUDGMENT ON THE PLEADINGS**

This case revolves around the reporting duties of home loan lenders—specifically, around reporting on the Internal Revenue Service ("IRS") Form 1098. Plaintiff Robert Neely filed this putative class action against Defendant JP Morgan Chase Bank, N.A. (or "Chase" for short) in October 2016, purporting to allege five claims: (1) breach of contract, (2) negligence, (3) breach of the covenant of good faith and fair dealing, (4) violation of California Business and Professions Code § 17200 (what's commonly referred to as the "Unfair Competition Law" or "UCL") and (5) "declaratory relief." Chase now moves for judgment on the pleadings.

The Court GRANTS IN PART and DENIES IN PART Chase's motion. (Dkt. No. 60.)

**1. BRIEF BACKGROUND**

Neely bought a home in Laguna Beach, California with a loan secured by a deed of trust. Chase held Neely's deed of trust. Neely eventually defaulted on his loan, and the parties agreed to a "short" sale of Neely's home, meaning a sale to settle Neely's debt even though the sale price would be less than the total balance that was still due on Neely's loan. Here, Neely owed Chase nearly $3.5 million. The house sold for $2.3 million in November 2014. After commission and cost, Chase received almost $2.15 million from the sale. That's about $1.35 million less than the total amount Neely owed Chase under the original loan.

Neely's complaint stems from the fact that Chase didn't report any amount of the short sale proceeds (the approximately $2.15 million) as "interest received," thus preventing Neely from

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 16-01924 AG (KESx) | Date | April 10, 2018 |
|---|---|---|---|
| Title | ROBERT J NEELY v. JP MORGAN CHASE BANK, N.A. | | |

claiming an interest amount as deductible income. Understanding the allegations in the complaint, though, requires some knowledge of the relevant tax law, which the Court briefly describes now. Lenders report "forgiven debt" on IRS Form 1099-C, *see* 26 U.S.C. § 6050P; 26 C.F.R. § 1.6050P-1, while they report "interest received" on IRS Form 1098, *see* 26 U.S.C. § 6050H; 26 C.F.R. § 1.6050H-2. In both cases, lenders fill out a form reporting changes in the past calendar year, and send one copy to the IRS and one copy to the borrower. *See* 26 C.F.R. §§ 1.6050H-2(a)–(b), 1.6050P-1(a), 1.6050P-1(f). There are significant differences between "forgiven debt" on the one hand, and "interest received" on the other.

On IRS Form 1099-C, lenders must report the amount of an individual's debt that is forgiven in one calendar year if that amount is at least $600 excluding interest, since interest doesn't need to be reported on Form 1099-C. 26 U.S.C. § 6050P; 26 C.F.R. § 1.6050P-1. This reporting may benefit the borrower. Up to $2 million of Form 1099-C forgiven debt may be tax exempt if the debt was for a qualified principal residence and was forgiven before January 2017. 26 U.S.C. § 108.

On IRS Form 1098, lenders must report the aggregate amount of interest they received in a year from an individual borrower, if that amount is at least $600. 26 U.S.C. § 6050H; 26 C.F.R. § 1.6050H-2. The potential benefit for the borrower here is different. Subject to some limitations, taxpayers may deduct the home mortgage interest that they pay from their taxable income. 26 U.S.C. § 163. But there is a three-year statute of limitations to claim the deduction. 26 U.S.C. § 6511.

Here, it's undisputed that Chase reported the $1.35 million difference between the amount it received from the short sale and Neely's total debt on a Form 1099-C, and declared on the form that none of that amount was interest. According to Neely, this means that at least some of the $2.15 million or so that Chase received from the short sale was used to pay off some of the outstanding interest he had accrued at the time of the short-sale. (*Id.*) Chase disagrees. (*See, e.g.*, Mot., Dkt. No. 60 at 9.) Still, Neely alleges that since Chase purportedly used the short sale proceeds to pay off Neely's mortgage interest, Chase should have reported its receipt of that interest on Neely's 2014 Form 1098. (Compl., Dkt. No. 1 at ¶ 25.) Chase's failure to do so allegedly violated 26 U.S.C. § 6050H and harmed Neely by preventing him from taking advantage of 26 U.S.C. § 163 tax deductions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 16-01924 AG (KESx) | Date | April 10, 2018 |
|---|---|---|---|
| Title | ROBERT J NEELY v. JP MORGAN CHASE BANK, N.A. | | |

Further alleging that Chase has a practice of improperly reporting interest receipt following short sales, Neely filed this lawsuit purporting to assert claims on behalf of a nationwide class. Chase then moved to, among other things, dismiss or stay proceedings in this case in favor of the IRS's primary jurisdiction. (Dkt. No. 18.) Since the IRS had announced that it would begin a new "formal guidance process" regarding Form 1098 reporting requirements, the Court stayed these proceedings in February 2017. (Order Regarding Def's Mot. to Dismiss or Stay, Dkt. No. 30 at 3–5.) But following a status conference several months later, the Court lifted the stay. (Order Lifting Stay, Dkt. No. 39.) The Court also denied Chase's motion to dismiss based on Article III standing. (Order Denying Mot. to Dismiss, Dkt. No. 47.)

Now Chase moves for judgment on the pleadings, arguing that the IRS "has exclusive enforcement jurisdiction over all matters relating to the issuance of Form 1098 information returns," or in the alternative, arguing that Chase is entitled to judgment on four of Neely's five claims, limiting "the scope of this litigation to a single claim for breach of express contract, for money damages only." (Mot., Dkt. No. 60 at 1.)

**2. LEGAL STANDARD**

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is designed to dispose of cases "when the material facts are not in dispute between the parties and a judgment on the merits can be achieved by focusing on the content of the competing pleadings." 5C C. Wright & A. Miller, Federal Practice and Procedure § 1367, p. 206–07 (3d ed. 2004). Relief is only proper if there are "no issues of material fact" and the moving party is entitled to "judgment as a matter of law." *Gen. Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989). As such, federal courts apply a rather restrictive standard to motions under Rule 12(c): Judgment on the pleadings "may only be granted when the pleadings show that it is beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co.*, 132 F.3d 526, 529 (9th Cir. 1997) (emphasis added). Even when courts grant judgment on the pleadings, they may do so with leave to amend. *See, e.g., Pac. W. Grp. v. Real Time Sols.*, 321 F. App'x 566, 569 (9th Cir. 2008) (citing *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989)) (explaining that leave to amend on a 12(c) motion should be granted if not futile since 12(c) and 12(b)(6)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | SACV 16-01924 AG (KESx) | Date | April 10, 2018 |
|---|---|---|---|
| Title | ROBERT J NEELY v. JP MORGAN CHASE BANK, N.A. | | |

motions are "functionally identical"); *Curry v. Baca*, 497 F. Supp. 2d 1128, 1138 (C.D. Cal. 2007); B. O'Connell & K. Stevenson, Rutter Group Prac. Guide: Fed. Civ. Pro. Before Trial ¶ 9:341, p. 9-130 (2017) ("[C]ourts have discretion to grant a Rule 12(c) motion with leave to amend (and frequently do so where the motion is based on a pleading technicality)").

**3. ANALYSIS**

### 3.1  Exclusive Enforcement Jurisdiction of the IRS

Chase's first argument that the IRS has exclusive enforcement jurisdiction over all matters in the complaint is essentially the same argument that Chase presented on its motion for stay. But the Court impliedly rejected those arguments when it ordered that the stay be lifted, so Chase's arguments now read as a disguised motion for reconsideration. And since Chase hasn't shown that any of the three possible grounds for reconsideration listed in Local Rule 7-18 apply here, the Court ignores these arguments.

### 3.2  Breach of the Covenant of Good Faith and Fair Dealing

The complaint alleges that Chase "breached the implied covenant of good faith and fair dealing." (Compl., Dkt. No. 1 at ¶ 65.) But it's not clear if the contract the covenant is implied in is the original loan or the short sale agreement. Regardless, Neely hasn't sufficiently stated a claim for breach of the implied covenant of good faith and fair dealing.

There is an implied covenant of good faith and fair dealing in every contract that neither party will do anything to prevent the other from receiving the benefits of the agreement. *Comunale v. Traders & General Ins. Co.*, 50 Cal. 2d 654, 658 (1958) (citing *Brown v. Super. Ct.*, 34 Cal. 2d 559, 564 (1949)); *see also Carma Developers, Inc. v. Marathon Dev. Cal., Inc.*, 2 Cal. 4th 342, 371 (1992). The implied covenant of good faith is read into contracts to protect express covenants or promises, not to protect some general public policy interest that isn't directly tied to the contract's purpose. *Marathon*, 2 Cal. 4th at 373. Where one party has discretionary power, the covenant requires the party holding that power to exercise it in good faith. *Id.* at 372; *see also Cal. Lettuce Growers v. Union Sugar Co.*, 45 Cal. 2d 474, 484 (1955).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 16-01924 AG (KESx) | Date | April 10, 2018 |
|---|---|---|---|
| Title | ROBERT J NEELY v. JP MORGAN CHASE BANK, N.A. | | |

To state a claim for breach of the implied covenant, there must be "something more" than a simple breach of contract. *Celador Int'l Ltd. v. Walt Disney Co.*, 347 F. Supp. 2d 846, 852 (C.D. Cal. 2004) (citing *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1394 (1990)). So plaintiffs must allege that defendants "unfairly frustrated" the plaintiffs' "right to receive the *benefits of the agreement actually made*." *Guz v. Bechtel Nat'l Inc.*, 24 Cal. 4th 317, 349 (2000) (emphasis in original) (citing *Waller v. Truck Ins. Exch., Inc.*, 11 Cal. 4th 1, 36 (1995)). But "[i]f the allegations do not go beyond the statement of a mere contract breach and, relying on the same alleged acts, simply seek the same . . . relief already claimed in a companion contract cause of action, they may be disregarded as superfluous as no additional claim is actually stated." *Careau*, 222 Cal. App. at 1395. "[W]here the plaintiff alleges that the defendant acted in bad faith to frustrate the contract's benefits," a claim for breach of the implied covenant of good faith and faith dealing isn't superfluous. *Celador*, 347 F. Supp. 2d at 852.

A recent federal case has described the benefit of a short sale agreement, stating, "The benefit to the borrower from a short sale agreement is that the borrower can avoid the time, frustration, and uncertainty of foreclosures, and can avoid having a foreclosure on his credit record." *Rex v. Chase Home Fin. LLC*, 905 F. Supp. 2d 1111, 1139 (C.D. Cal. 2012). Further, "if deficiencies from the sale are waived by the lender, the borrower can start fresh without any continuing obligation under the note and mortgage." *Id.*

So an actual benefit of the short sale agreement for Neely may be seen as simply getting rid of his debt. Likewise, the benefit of the original loan is best seen as getting funding to pay for his home, not a tax deduction. Neely therefore cannot plausibly state a claim for breach of the implied covenant of good faith and fair dealing because he in fact received the benefit of both contracts.

The Court GRANTS Chase's motion for judgment on the pleadings as to the complaint's purported breach of covenant of good faith and fair dealing claim. The Court finds sufficient grounds to GRANT LEAVE TO AMEND. *See Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 16-01924 AG (KESx) | Date | April 10, 2018 |
|---|---|---|---|
| Title | ROBERT J NEELY v. JP MORGAN CHASE BANK, N.A. | | |

### 3.3  Negligence

The complaint alleges that Chase breached a duty of care "by negligently failing to properly account between payments of interest and principal when it received the proceeds of the plaintiff's 'short' sale (and the proceeds from the Class Members' 'short' sales) and by negligently failing to report the amounts that it received in those sales that were properly allocable to payment of outstanding mortgage interest on Form 1098." (Compl., Dkt. No. 1 at ¶ 72.) The Court notes that the complaint doesn't specify to whom Chase allegedly owed this duty, but it alleges that Neely and the putative class members suffered damages because of Chase's breach. (*See id.* at ¶ 73.)

To state a cause of action for negligence, a plaintiff must allege that (1) the defendant owed the plaintiff a duty of care, (2) the defendant breached that duty, and (3) the breach proximately caused the plaintiff's damages or injuries." *Alvarez v. BAC Home Loans Servicing, L.P.*, 228 Cal. App. 4th 941, 944 (2014) (citing *Lueras v. BAC Home Loans Servicing, LP*, 221 Cal. App. 4th 49, 62 (2013)). "[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1096 (1991) (citation omitted). But that general rule isn't absolute.

> In California, the test for determining whether a financial institution owes a duty of care to a borrower-client "'involves the balancing of various factors, among which are [1] the extent to which the transaction was intended to affect the plaintiff, [2] the foreseeability of harm to him, [3] the degree of certainty that the plaintiff suffered injury, [4] the closeness of the connection between the defendant's conduct and the injury suffered, [5] the moral blame attached to the defendant's conduct, and [6] the policy of preventing future harm.'"

*Id.* at 1098 (alterations in original) (citation omitted). Neely doesn't allege that Chase exceeded "the scope of its conventional role as a mere lender of money" here. *See id.* at 1096. So his negligence claim depends on the six-factor test. Applying those factors here, Chase didn't owe Neely a duty of care.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | SACV 16-01924 AG (KESx) | Date | April 10, 2018 |
|---|---|---|---|
| Title | ROBERT J NEELY v. JP MORGAN CHASE BANK, N.A. | | |

Chase completes IRS Forms 1098 for its own benefit, to fulfill its own statutory obligations. So the first factor weighs against a finding of duty. Next, while it was foreseeable that Neely might consider the IRS forms filled out by Chase in filling out his own tax returns, the foreseeability of harm was remote. Indeed under IRS Revenue Ruling 70-647, "it is incumbent on the individual [borrower] to keep his own record of loans, interest, and payments." IRS Rev. Rul. 70-647, 1970-2 C.B. 38, 1970 WL 21200, at *2 (1970). Because of Neely's independent duty to keep records of his interest repayments, the relationship between Neely's injury and Chase's alleged misreporting is tenuous. *See Nymark*, 231 Cal. App. 3d at 1099 ("While it was foreseeable the appraisal might be considered by plaintiff in completing the loan transaction, the foreseeability of harm was remote. Plaintiff was in as good a position as, if not better position than, defendant to know the value and condition of the property."). And placing the burden of accurate reporting on Chase would negate Neely's independent duty. So factors two through six likewise weigh against a finding of duty.

Neely hasn't plausibly stated a claim for negligence. Further, since the deficiencies with Neely's purported negligence claim are legal in nature, they could not be cured by amendment. *See Knappenberger*, 566 F.3d at 942. The Court therefore GRANTS Chase's motion for judgment on the pleadings as to the complaint's purported negligence claim WITHOUT LEAVE TO AMEND.

### 3.4 Declaratory Relief

Chase argues that the declaratory and injunctive relief Neely seeks is barred by the tax provision of the Anti-Injunction Act, 26 U.S.C. § 7421, and the federal tax exception to the Declaratory Judgment Act, 28 U.S.C. § 2201. "The federal tax exception to the Declaratory Judgment Act is 'at least as broad as the Anti-Injunction Act.'" *California v. Regan*, 641 F.2d 721, 722 (9th Cir. 1981) (citing *Bob Jones Univ. v. Simon*, 416 U.S. 725, 732 n.7 (1974)). "The purpose of the federal tax exception to the Declaratory Judgment Act is to protect the government's ability to assess and collect taxes free from pre-enforcement judicial interference, and to require that disputes be resolved in a suit for refund." *Id.* Unless one of two statutory exceptions apply, the Declaratory Judgment Act applies to cases that "will have an impact on the assessment of federal taxes." *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | SACV 16-01924 AG (KESx) | Date | April 10, 2018 |
|---|---|---|---|
| Title | ROBERT J NEELY v. JP MORGAN CHASE BANK, N.A. | | |

Here, two of the forms of relief sought in the complaint would have such an impact, specifically the requested "judicial declaration that CHASE has committed the violations alleged in the complaint," and the requested injunction ordering Chase to "issue correct Forms 1098 to all Class Members." (*See* Compl., Dkt. No. 1 at 24 ¶¶ (b), (f).) Neely's arguments to the contrary are unavailing. For example, Neely contends that, "This court's finding that Chase's Form 1098 reporting is erroneous . . . will in no way bind the IRS." (Opp'n, Dkt. No. 61 at 22–23.) But unless this Court were to issue an advisory opinion—which the U.S. Constitution prohibits it from doing—this Court's legal determination about what counts as "forgiven debt" versus "interest received" under the Internal Revenue Code would have to be binding on the IRS. And Neely doesn't attempt to show that one of two statutory exceptions apply. Therefore, the complaint cannot request the two types of relief just mentioned.

But the complaint does mention a third type of equitable relief that doesn't impact the assessment of federal taxes: "An order in equity (if no damages are awarded) requiring CHASE to pay any accountancy expenses necessary to determine if Class members lost money as a result of CHASE's reporting policy of mortgage interest on their Forms 1098." (*See* Compl., Dkt. No. 1 at 25 ¶ (g).) This third form of relief therefore isn't barred by the Anti-and the Declaratory Judgment Act.

At the hearing on this motion, Neely's counsel also explained that Neely was asking the Court to declare that his contract with Chase required the payments on his loan to be allocated a certain way. But that's not what the current complaint says. Still, Plaintiff should have leave to make this small change to his claimed relief.

The Court GRANTS IN PART and DENIES IN PART Chase's motion for judgment on the pleadings as to the complaint's requested relief. The Court further GRANTS Neely LEAVE TO AMEND for the purpose of clarifying the declaratory relief he seeks.

### 3.5  Violation of California's Unfair Competition Law

"The UCL defines unfair competition as 'any unlawful, unfair or fraudulent business act or practice.'" *In re Tobacco II Cases*, 46 Cal. 4th 298, 311 (2009) (citing Cal. Bus. & Prof. Code § 17200). "Therefore, under the statute 'there are three varieties of unfair competition:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 16-01924 AG (KESx) | Date | April 10, 2018 |
|---|---|---|---|
| Title | ROBERT J NEELY v. JP MORGAN CHASE BANK, N.A. | | |

practices which are unlawful, unfair or fraudulent.'" *Id.* (citing *Daugherty v. American Honda Motor Co., Inc.*, 144 Cal. App. 4th 824, 837 (2006)). Chase contends that Neely has insufficiently stated a claim for any kind of UCL violation. (Mot., Dkt. No 60 at 18–19.) The Court disagrees.

First, the complaint alleges that Chase "acted unlawfully by violating the terms of 26 U.S.C. § 6050H in failing to include payments of mortgage interest that were actually made by Plaintiff and Class Members," and that Chase has a practice of wrongfully accounting for interest on IRS forms in that manner. (Compl., Dkt. No. 1 at ¶¶ 25, 76.) *See Smith v. State Farm Mut. Auto. Ins. Co.*, 93 Cal. App. 4th 700, 717–18 (2001), *as modified* (Nov. 20, 2001) (citation omitted) ("An unlawful business activity includes *anything* that can properly be called a business practice and that at the same time is forbidden by law."). Second, the complaint alleges that Neely relied on Chase's representations about interest payment in the IRS forms that Chase filled out, causing Neely to miss out on substantial tax deductions. (*See, e.g.*, Compl., Dkt. No. 1 at ¶¶ 4, 27.) The complaint therefore sufficiently alleges that Chase's representations were "an immediate cause of [Neely's] injury-producing conduct." *See Kwikset Corp. v. Super. Ct.*, 51 Cal. 4th 310, 327 (2011) (citing *In re Tobacco II Cases*, 46 Cal. 4th at 326); *see also id.* (citing *In re Tobacco II Cases*, 46 Cal. 4th at 328) (A "plaintiff is not required to allege that [the challenged] misrepresentations were the sole or even the decisive cause of the injury-producing conduct."). Since the complaint adequately states a claim for "unlawful" practice under the UCL, the Court need not address the arguments made about "unfair" or "fraudulent" practices.

The Court DENIES Chase's motion for judgment on the pleadings as to the complaint's UCL claim.

## 4. DISPOSITION

The Court GRANTS IN PART and DENIES IN PART Chase's motion. (Dkt. No. 60.)

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |